METHFESSEL & WERBEL
A Professional Corporation

JOEL N. WERBEL>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO±
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>
RICHARD A. NELKE~
BRENT R. POHLMAN+

Of Counsel
JOHN METHFESSEL, JR.>
STEPHEN R. KATZMAN#
ED THORNTON>
I. BLAKELEY JOHNSTONE, III+*
BETH A. BOLGER+
PAUL E. GRIGGS>

Counsel
ADAM M. CARMAN+^
SHAJI M. EAPEN+
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON+
STEVEN K. PARNESS+
KAJAL J. PATEL+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
JEFFREY R. BALL≤
EDWARD D. DEMBLING>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
ERIN GALARDI<
ELENA GAMMARDELLA≥
CARLOS J. JIMENEZ+
FRANK J. KEENAN+^
SCOTT KETTERER>
ZURAB MAISURADZE>
JOHN M. MARTIN>
HOLLY C. RENSHAW>
NICOLETTE RUBEL>
VITTORIA A. SCULCO>
MANINDER K. SINGH>
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+
(1942-2024)
MARC DEMBLING*+
(1944-2022)

* Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
=Member of MA & NY Bar
<Member of MN Bar
≤Member of NJ, ID & NM Bar
≥Member of NY, NJ & CT Bar
~Member of NY, NJ & DC Bar
±Member of NY, NJ & FL Bar

**Please reply to New Jersey**

August 31, 2026

VIA ELECTRONIC FILING
Hon. Justin T. Quinn, U.S.M.J.
United States District Court - Trenton
Clarkson S. Fisher Fed. Bldg. 402 East State Street
Trenton, NJ 08608

RE: **MASJID SADAR INC. AT AL. VS. BOROUGH OF SAYREVILLE ET AL.**
Our File No. : 97399 BRP
Civil Action No. : 3:25-CV-17831-MAS-JTQ

Dear Judge Quinn:

Please accept this letter brief in response to the Plaintiffs' letter advising the Court of the Plaintiffs' position that the recent decision in Anash, Inc., v. Borough of Kingston 2026 U.S. App. LEXIS 22727 is relevant to the instant motion for injunctive relief. It is the Defendants' position that the Third Circuit's recent decision does not change the applicable standard of review or analysis of the instant motion.

In the Anash matter, the plaintiff, an Orthodox Jewish Rabbi, initially acquired a property in the defendant municipality in 2019, which was used as a residential home for young men who were his students. It was a group living home in which the students, were not required to pay any rent or any other fees. Approximately two years later, the Rabbi purchased another property in the same zoning district that had a Certificate of Occupancy for office space, which he utilized for a rabbinical office as well as a yeshiva, a space devoted for prayer, religious study, and religious instruction.

In 2023, the municipality revised its zoning ordinances. As a result of these revisions, the group home dwelling was no longer a permitted use, and the school went from being a permitted use to a conditional use. Following the enactment

2025 Lincoln Highway · Suite 200 · P.O. Box 3012 · Edison, NJ 08818 · (732) 248-4200 · FAX (732) 248-2355
112 West 34th Street · 17th Floor · New York, NY 10120 · (212) 947-1999 · FAX (212) 947-3332
One Liberty Place · 1650 Market St., 36th Floor · Philadelphia, PA 19103 · (215) 665-5622 · FAX (215) 665-5623
101 Federal Street · Suite 1900 · Boston, MA 02110 · (617) 204-5630
www.njinslaw.com

of these ordinances, the defendant municipality issued notices of violation to the rabbi for the operation of a dormitory, which is considered to be illegal as it was being used as a rooming house or boarding house, and the municipality issued a letter ordering them to cease and desist the illegal use. The municipality also issued a notice of violation for the property that was being utilized as a school, stating that it was impermissibly being utilized as a school because that was not an approved conditional use in the District following the amendments.

Eventually, because of non-compliance by plaintiffs, the defendant municipality issued condemnation orders for the properties. Plaintiffs then initiated a 21 Count Complaint and approximately a month later, filed for a (1) temporary restraining order and preliminary injunction seeking to enjoin the municipal defendants from enforcing the condemnation orders for the Pierce Street properties to taking adverse zoning actions, (2) adverse zoning or other enforcement actions against the properties, and (3) preventing them from discriminating against the plaintiffs based on their religious practices.

The instant matter is easily and clearly distinguishable from the Anash Decision, given that, in this case, the Plaintiffs are currently engaging in religious worship and activities at another location within the borough and have not at any time been told to cease and desist those activities in that location.

In the Anash Decision, the religious group had been engaging in religious activities at locations in which those activities were permitted. The municipality then took action to amend its zoning ordinances to reclassify those activities as no longer being permitted in the specific zones and then took action to enforce that ordinance and prevent the plaintiffs from engaging in religious activities. In the instant matter, the Plaintiff filed a Land Use Application to construct a new mosque on a property in which houses of worship are conditionally permitted, subject to two de minimis conditions. Here, there is no allegation that the Plaintiffs are being prevented from engaging in religious practice by the municipality nor has there been a credible argument articulated that the two conditions precedent for the development of a house of worship in the subject zone are the reason for the denial. In fact, it is undisputed that the denial is premised on a dispute over the number of parking spaces required on the subject property.

The Third Circuit determined that Kingston's enforcement of its 2023 Zoning Ordinance imposed a substantial burden on the plaintiffs' religious exercise. This was based on several factors:

- The condemnation orders restricted access to properties used for yeshiva and religious group living.

- There was no quick or easy process to permit religious use of the property at 239 Pierce Street.

- The threat of $500 daily fines would quickly become significant relative to the properties' values, regardless of whether alternative locations existed.

- The congregation was forced to disperse and religious services were disrupted as a result of the condemnation.

The court found that these actions substantially inhibited religious exercise, not merely inconvenienced it.

The court also held that enforcement of the Building Code (for issues such as lack of sprinklers, fire extinguishers, egress signage, emergency lights, and open electrical issues) did not qualify as a land use regulation under RLUIPA and thus did not support a substantial burden claim under that statute.

While the Anash Decision is certainly an expansion of our RLUIPA and we expect that eventually this decision will be overturned that expansion is inapplicable to the current situation, as the Anash Decision does not stand for the principle that a religious group is not required to satisfy (bulk) standards such as parking requirements that have been lawfully adopted and equally applied by a public entity. This is a further attempt on the part of these Plaintiffs to blur the lines or muddy the waters, if you will, and convince this Court that the conditional use standard is an impediment or blocking the development of this house of worship when the undisputed factual record clearly demonstrates that is not the case. In fact, to the contrary, as has been articulated in the defendant’s opposition papers, houses of worship are conditional uses in all zones within the municipality as opposed to other secular places of public accommodation which are strictly prohibited in other zones.

These plaintiffs are desperate to convince this Court that the defendant's act of creating an expansive, permissible development of houses of worship in its municipality is somehow discriminatory and violate RLUIPA when in fact the ordinance demonstrates that to a certain extent the Township is treating religious uses more favorably than similarly situated secular uses.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Brent Pohlman
pohlman@methwerb.com
Ext. 197

BRP:mpc

cc: VIA ELECTRONIC FILING
Sieglinde Rath, Esq.
Storzer & Associates, P.C.
1025 Connecticut Avenue Suite One Thousand
Washington, DC 20036